UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA        )
                                )
v.                              )
                                ) Criminal No. 1:19-10421-DPW
JOSE L. DIAZ FONTANEZ,          )            4:19-40003-TSH
                                )
           Defendant            )
_____ )
```

CABELL, M.J.

     The defendant is currently being detained at the Wyatt Correctional Facility (Wyatt) in connection with two matters:  a pending indictment for drug trafficking offenses (19-CR-10421-DPW), and a supervised release revocation petition relating to a 2009 drug trafficking related conviction, based on the same conduct underlying the indictment (19-CR-40003-TSH).

     On April 20, 2020, the defendant filed an emergency motion for release from custody to home confinement due to Covid-19 in connection with the indicted case, and the court convened a hearing on April 27, 2020.  Subsequently, the defendant on May 6, 2020 moved for release on similar grounds in connection with the revocation matter.  (The revocation matter was pending before a different session at the time but has since been referred to this court for consideration in the interests of efficiency.)  For the reasons explained briefly below, the

court, after thorough consideration of the defendant's asserted health issues, the conditions at Wyatt, the defendant's criminal history, and the proposed conditions of release, DENIES the motions for release.

    1. <u>Pretrial Detention</u>

A defendant may be detained pending trial if the government establishes (1) by clear and convincing evidence that a defendant is a danger to the community, or (2) by a preponderance of the evidence that a defendant poses a serious risk of flight.  18 U.S.C. § 3142(f); see <u>United States v. Patriarca</u>, 948 F.2d 789, 792-93 (1st Cir. 1991).  Pretrial detention further requires a finding by the court that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).

Where, as here, the defendant is charged with an offense under the Controlled Substances Act punishable by ten or more years' imprisonment, a presumption arises under 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the safety of the community.  <u>See</u> <u>United States v. Perez-Franco</u>, 839 F.2d 867, 869-70 (1st Cir. 1988). Once the presumption attaches, a burden to produce "some [relevant] evidence" shifts to a defendant.  <u>United States v.</u>

O'Brien, 895 F.2d 810, 815 (1st Cir. 1990).   However, a defendant's introduction of some relevant evidence does not eliminate the presumption entirely; instead, the presumption remains in the case for the court's consideration.   Id.   The ultimate burden of persuasion remains with the government.   Id.

At the hearing on the pretrial detention motion, the defendant did not dispute that his prior record contains several instances of violent crime, including convictions for second-degree murder, attempted murder, and various weapons offenses. However, the defendant stressed that he has several health conditions that would raise his risk of complications should he acquire Covid-19.   In particular, he has suffered two heart attacks and doctors have recommended he receive a pacemaker.   He also has asthma and takes medication for high blood pressure.

The defendant also argued that Wyatt is not in compliance with protocols for social distancing or disinfection and that staff did not act quickly when the first detainee there showed symptoms of Covid-19.   The court acknowledges that at the time this motion was argued Wyatt had confirmed eight positive cases of Covid-19 among its inmates and detainees.   The court further acknowledges that that number has increased significantly to 39 at the time of the issuance of this Order.

The government argues in opposition that the defendant has a serious record of violent crime and that no conditions of release could be crafted to reasonably reduce the risk of danger suggested by the record.  Most notably, and as noted above, the defendant has three separate Puerto Rico felony convictions involving collectively the transfer of a .357 caliber revolver, a .9mm caliber pistol and semi-automatic and automatic firearms with mutilated serial numbers.  He also has a Puerto Rico conviction for second degree murder as well as a federal conviction for conspiring to distribute more than five kilograms of crack cocaine.  Moreover, the defendant, who received a 25 year prison term for the murder conviction and what appears to have been an approximate 16 year prison term for the federal conviction, allegedly committed the present offense while still on supervised release for the federal drug offense.

In addition, while the government has emphasized the risk of danger the defendant's release arguably would pose, the court is also concerned about the risk of non-appearance.  In that regard, the defendant seeks to be released to reside at the home of his wife's cousin in the Middle District of Florida.  The court is mindful that the distance from Boston to the Middle District of Florida is over 1,000 miles, and that the Middle District is by contrast relatively close to Puerto Rico, where

4

the defendant's wife, father, and two brothers all reside, and where he has more significant ties than he does to Massachusetts.   The court is further aware that the Probation Office in the Middle District of Florida has on two prior occasions denied requests by the defendant to have his supervised release transferred to that district.   The defendant's wife has indicated she would relocate to Florida were he to be released there but this would not meaningfully reduce the risk of non-appearance in light of the foregoing noted concerns.

To be clear, the court is not unsympathetic to the defendant's health status, and he stresses that this would be only a temporary release during the course of Covid-19, but no one can say how long Covid-19 will be a factor in our detention centers.   The government has also submitted evidence that Wyatt has taken significant steps to deal with Covid-19, and it is currently on lockdown, and the court understands that no new federal detainees are being placed there.

In light of the foregoing, the court finds that detention is warranted on the pending indictment because there is no condition or combination of conditions that could be imposed to reasonably assure the safety of the community or the defendant's appearance at future proceedings.

2.  Violation of Supervised Release

The defendant also seeks release on the pending supervised release petition.  Unlike the case in the pretrial setting, a defendant seeking release pending a final revocation hearing bears the burden of establishing by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community if released.  Given my conclusion that release is not warranted in connection with the pending indictment, and for the same reasons, I find that the defendant has failed to carry this burden.

Accordingly, the defendant's emergency motions for release in connection with the pending indictment (19-CR-10421; D. 153) and the revocation petition (19-CR-40003; D. 26) are **DENIED.** The defendant is hereby ordered detained in both matters.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  May 13, 2020